

BRETT L. TOLMAN, United States Attorney (#8821)
KARIN FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-4475

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 2:08-MJ-14 DN |
|---|---|---|
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| vs. | : | |
| | : | |
| MATTHEW D. JARDINE, | : | VIO:18 U.S.C. § 2422(b) |
| | : | [Coercion and Enticement For Illegal |
| Defendant | : | Sexual Activity]; |

Before Honorable David Nuffer, United States Magistrate Judge for the District of

Utah, appeared the undersigned, who on oath deposes and says:

COUNT I
(18 U.S.C. § 2422(b))
(Coercion and Enticement)

Between December 3, 2007 and January 11, 2008, in the Central Division of the

District of Utah,

MATTHEW D. JARDINE,

1

the defendant herein, did knowingly and intentionally, by means of a facility of interstate commerce, persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, or attempted to so persuade, induce, entice, and coerce; all violation of Title 18, United States Code, Section 2422(b).

## STATEMENT OF FACTS

I, Sonja K. Nordstrom, ("Your affiant"), Federal Bureau Investigation, being duly sworn, depose and state as follows to wit:

1. Your affiant has been employed by the Federal Bureau of Investigation for the last seventeen years, I am currently assigned to the Provo Resident Agency. I am currently assigned to the Utah County Sex Crimes Task Force. My training includes attending the Innocent Images On-Line Investigation course as well as various crimes against children investigative courses. In the course of my employment I have investigated numerous cases involving child exploitation.

2. As a federal agent, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. This affidavit is made in support of a criminal complaint charging MATTHEW D. JARDINE with attempting to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in sexual activity in violation of 18 U.S.C.

§ 2422(b).

4. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

5. Your affiant knows that on December 3, 2007, law enforcement working in an undercover capacity, entered a Yahoo! chatroom using the persona of a 13 year old girl. The undercover screen name was contacted via Yahoo! Instant Messenger by an individual using the screen name "dyounggun." After arrest MATTHEW D. JARDINE admitted to using this screen name when chatting with the undercover officer between December 3, 2007-January 11, 2008.

6. During the December 3, 2007 chat, the undercover persona indicated she was not yet in high school, and JARDINE told her she would "hate high school." JARDINE also provided his first name and phone number. Law enforcement was able to look up this phone number and determined it belonged to MATTHEW D. JARDINE of Price Utah. Law enforcement also learned that JARDINE was registered sex offender living at the same address in Price, Utah. JARDINE's prior arrest involved enticing a minor over the internet.

JARDINE left the undercover persona off-line messages on December 7, 8, and 10, 2007 attempting to communicate with the undercover officer. They chatted live on December 11, 2007, though the conversation did not discuss sexual matters, JARDINE

did suggest they try and meet.

7. JARDINE again left off-line messages on December 13 and 16, 2007. On December 18, 2007, the two chatted again, and JARDINE asked the undercover, "r u 13 or 14." The conversation continued, and the following discussion occurred:

Jardine: would kissing, touching each other, sex, be bad things to happen for u.

Undercover officer: Hmm

undercover: u wouldnt tell ne1 right?

Jardine: only myself

undercover: if u didnt tell ne1 I wouldndt mind

Jardine: I'm not that type of guy

undercover: kewl

Jardine: even if I really enjoyed kissing, kissing u, cumming inside u

Jardine: nope not a soul.

In the chat JARDINE asked what the undercover had done before in bed, and they continued to discuss possible sexual activity. As a part of this discussion, JARDINE asked "is there anything right of the bat that u wouldn't try." The undercover officer indicated reluctance to participate in anal intercourse, and JARDINE asked "would u still try it, if I asked u to." A meeting did not happen that evening. JARDINE left off-line messages on December 19, 24, and 27, 2008. JARDINE repeatedly indicated he needed to receive a live phone call from the undercover persona before they could meet.

4

8. On January 11, 2008, the two chatted again, the undercover again confirmed that she was 13 years old. They discussed meeting, and JARDINE expressed concern that a "I'll get busted by the cops for it." When asked what they would do if they met, JARDINE stated, "touching a woman all over is fun, fingering a woman is fun, and sex is fun." He expressed hesitation about doing these things with the undercover because of her age, but nonetheless arranged for a meeting that night.

At this point an officer conducted a live phone call with JARDINE. A meeting was arranged at a location in Price, Utah. JARDINE indicated he wanted to see the undercover walking before he would meet her.

9. A meeting was arranged on January 11, 2007, and at the time arranged for the meeting in Price, Utah, it was arranged for an undercover officer to be walking the area arranged for the meeting. The officer observed a car pass her and pull into the parking area, turn around, and head towards the undercover officer. The car slowed as it passed close to the undercover officer. A traffic stop was initiated, and the driver was confirmed to be MATTHEW D. JARDINE.

10. JARDINE was arrested, taken into custody, and provided his *Miranda* rights. After waiving his rights, JARDINE admitted he had used the screen name "dyounggun" when chatting with the undercover persona. JARDINE acknowledged he had chatted from his parents computer, located at their home in Price, Utah. JARDINE stated he only intended to talk with the 13 year old, and would not have had sex with her. He stated he

was only curious about her. He also was in possession of a black Altell cell phone which had been used to communicate with the undercover officer.

11. I know from experience that Yahoo! is located in Sunnyvale, California and that a transmission from a person using Yahoo! is, at some point, relayed outside of the state of Utah. Because defendant and law enforcement were using Yahoo! to communicate, the sexually explicit communications traveled in interstate commerce.

12. The defendant, MATTHEW D. JARDINE, attempted to meet the 13 year-old female in Price, Utah for purpose of conducting illegal sexual behavior, which act, if completed would constitute a criminal offense under Utah law. Your affiant submits there is probable cause to believe that JARDINE violated 18 U.S.C. § 2422(b), Coercion and enticement for Illegal Sexual Activity.

_____
Special Agent Sonja K. Nordstrom
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME THIS 14 DAY OF January, 2008.

_____
Hon. David Nuffer
United States Magistrate Judge

BRETT L. TOLMAN
United States Attorney

_____
KARIN FOJTIK
Assistant United States Attorney